**Dated: July 02, 2009**
**The following is SO ORDERED.**

_____
G. Harvey Boswell
**UNITED STATES BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TENNESSEE**

| | |
|---|---|
| In Re: | Chapter 13 |
| MARILYN WILLIAMS | |
| Debtor(s) | Case No. 09-11490 |

**Order Confirming Plan**

It appearing to the Court that the debtor(s) have filed a plan which has been sent to the scheduled creditors; that at the confirmation hearing it appeared to the Court from the statements of the Chapter 13 Trustee, and the entire record herein that the plan as finalized complies with 11 U.S.C.A. §1325(a) and other applicable provisions of the Bankruptcy Code; and that the plan should be confirmed;

THEREFORE,

1. That the debtor's plan, which is attached hereto, is confirmed;

2. That the debtors pay into the plan as follows:

Debtor One Direct:    MARILYN WILLIAMS                $125.00 MONTHLY

If this is different from the originally proposed plan, then the Trustee is ordered to enter a separate order changing payment, and further that the debtor(s) future earnings shall remain under the exclusive control of this Court. In the event of dismissal, or conversion, funds held by the Trustee should be paid over to creditors unless otherwise ordered by the Court.

3. All property shall remain property of the Chapter 13 estate under §§541(a) and 1306(a) and shall revest in the debtor(s) only upon discharge pursuant to §1328(a), dismissal of the case, or specific order of the Court. The debtor(s) shall remain in possession of and in control of all property of the estate not transferred to the Trustee, and shall be responsible for the protection and preservation of all such property, pending further orders of the Court.

4. An attorney fee is allowed in the amount of $3,000.00.

5. The percentage to be received by unsecured creditors is to be determined by the Trustee following the bar date for the filing of claims; separate order to be entered.

6. Following the bar date to file proofs of claims, the Chapter 13 Trustee may adjust the plan payments as necessary to capture any excess equity.

7. Any real estate tax claimants shall be treated as fully secured if the plan proposes to treat them as secured debts.
*If the debtor(s) surrender(s) any real property during the pendency of this case, the real property will no longer be property of the estate and the automatic stay shall terminate regarding interests of affected real property taxing authorities.*

8. The balances of any student loans shall survive discharge if the plan indicates same.

9. The Trustee may submit an order to the Court adjusting the postpetition regular mortgage payments in which the Trustee is acting as the disbursing agent upon written notice regarding a claim of the type described under 11 USC 1322(b)(5). Plan payments will be increased or decreased according to the adjusted mortgage payment. The mortgage payment adjustment will be based upon the date the written notice is received by the Trustee..

CC:  Timothy H. Ivy

/s/ Timothy H. Ivy
Chapter 13 Trustee

LAH

C JEROME TEEL JR
87 MURRAY GUARD DR
PO BOX 10788
JACKSON, TN  38308-0113

Date:    June 25, 2009

CHAPTER 13 PLAN (INDIVIDUAL ADJUSTMENT OF DEBTS)

| | | | |
|---|---|---|---|
| DEBTOR(S) : | MARILYN WILLIAMS | | |
| BK NUMBER : | 09-11490 | | |
| ADDRESS : | 926 LOCUST DR. | | |
| | BROWNSVILLE, TN  38012 | , 00000 | |
| PLAN PAYMENT : | (DEBTOR 1) | $125.00   MONTHLY | - Direct Pay |
| METHOD OF PYMT: | DIRECT PAY - First payment due by May 9, 2009. | | |
| ADMINISTRATIVE: | Pay filing fee, Trustee fee, and debtor's attorney fee pursuant to Court Order. | | |

MONTHLY PLAN

AUTO INSURANCE:
    AUTO INSURANCE NOT INCLUDED

HOME MORTGAGE: If no arrearage, ongoing payments are to be paid directly by the debtor(s)

| | | | | |
|---|---|---|---|---|
| JPMORGAN CHASE BANK, NATL ASSC as | ongoing pmt. begin | | | $0.00 |
| Approx. arrearage | $0.00 | Interest | 0.00% | $0.00 |
| For: 926 LOCUST DR, BROWNSVILLE TN | | | | |
| [debtor acts as disbursing agent] | | | | |

| SECURED CREDITORS: | VALUE | INT RATE | MONTHLY PLAN PYMT |
|---|---|---|---|
| [retain lien 11 U.S.C. 1325(a)(5)(B)(i)] | | | |
| AVALON FINANCIAL SERVICES | $0.00 | 0.00% | $0.00 |
| SECURED BY AUTOMOBILE - 1998 FORD CONTOUR | | | |
| [surrendered] | | | |

UNSECURED CREDITORS:    The percentage to be received by unsecured creditors is to be determined by the Trustee following the bar date for the filing of claims; separate order to be entered.

| | |
|---|---|
| ASSET ACCEPTANCE LLC | $901.25 |
| ROUNDUP FUNDING, LLC. | $3,000.28 |
|   For: CITIFINANCIAL AUTO | |
| STATE AUTO INSURANCE | $7,335.57 |
| HAYWOOD PARK COMMUNITY HOSP | $1,307.25 |
| VERIZON WIRELESS | $1,445.97 |

TERMINATION: Plan shall terminate upon payment of the above, approximately 60 months.